MILLER v. THE CITY OF CENTERVILLE ET AL.

1. **Assignee of Bond:** ACTION BY: COUNTER-CLAIMS: DEFENSE TO. Plaintiff, as assignee, brought suit upon an injunction bond executed by defendant to one M. Defendant set up certain promissory notes given by said M. to defendant, and also a judgment against M. and in favor of defendant. as a set-off and counter-claim. *Held*:
  1. That the counter-claims were properly pleaded as against the assignee.
  2. That the plaintiff had the right to show that the notes were obtained by duress, and that the judgment was void for want of jurisdiction in the court rendering it. That the plaintiff, as assignee, could assert the same defenses to said counter-claims that M. could have done.

*Appeal from Appanoose Circuit Court.*

WEDNESDAY, MARCH 22.

THIS is an action to recover damages upon an injunction bond. There was a trial by jury, which resulted in a verdict and judgment for the defendants. The palintiff appeals.

*George D. Porter*, for appellant.

*Vermillion & Vermillion*, for appellees.

ROTHROCK, J.—The bond upon which the suit was brought, was executed by the defendants in a certain action for an injunction in which the city of Centerville was plaintiff, and one Peter Miller was defendant. The injunction restrained said Miller from selling ale, wine, and beer within said city. A motion was made for the dissolution of the injunction, which was sustained. Peter Miller assigned his claim for damages upon the bond to the plaintiff herein, and this action was brought to recover the damages which, it is alleged Peter Miller sustained, it being claimed that he had a permit or license from the city to sell the liquors which he was restrained from selling by reason of the injunction.

The defendants in their answer set up a certain promissory note given by Peter Miller to the treasurer of the town of Centerville, by which he promised to pay for the use of the town the amount therein named. They also pleaded a certain judgment in favor of said city and against Peter Miller, and asked that the judgment and note be allowed as a set-off against any amount which might be due on plaintiff's claim on the injunction bond.

1. ASSIGNEE OF BOND: action by; counter-claims: defense to.

The plaintiff moved the court to strike out the set-off or cross-claims. The motion was overruled. Thereupon the plaintiff filed a reply in which he averred that the judgment pleaded as a set-off was absolutely void, having been rendered by a court without jurisdiction, and that the note set up in the answer was obtained by duress, and was founded upon a fraudulent and void judgment. The defendants moved the court to strike the reply from the files, upon the following grounds:

"1. The defense that the judgment set up as a counter-claim is void, because the court rendering the same had no jurisdiction to render the same, cannot be interposed and plead in this case by plaintiff, he not being a party thereto, and he cannot attack said judgment collaterally.

"2. Plaintiff cannot interpose the plea to the note set out in the counter-claim, that the same was executed without con-

sideration and in settlement of void judgments against Peter Miller, because plaintiff was not a party to said judgments and is not a party to said note, and he cannot attack either collaterally."

The motion was sustained. It is insisted by counsel for appellant that the note and judgment were not proper subjects of set-off or counter-claims in this action, because they were not causes of action arising on contract, or ascertained by the decision of a court, nor were they causes of action against the plaintiff. It is true the note and judgment were not against the plaintiff. But this action is founded upon a written obligation or contract of the city of Centerville, by which it undertook to pay whatever damages Peter Miller should sustain by the wrongful suing out of the writ of injunction. The defendant Evans executed the bond as surety, and his liability is contingent, at least, as between the city and himself. The action is, therefore, founded on contract. One of the counter-claims arose upon contract and the other was ascertained by the decision of a court precisely as required by Sub. 1 of Sec. 2659 of the Code. It is true the counter-claims are not against the plaintiff. But section 2546 of the Code expressly provides that "in case of the assignment of a thing in action, the action shall be without prejudice to any counter-claim defense, or cause of action, whether matured or not, if matured when plead, existing in favor of the defendant and against the assignor before notice of the assignment      *      *      *      *    "

We are clearly of the opinion that the counter-claims were properly pleaded and that the court correctly overruled the motion to strike them out. The case of *Exline v. Lowery*, 46 Iowa, 556, cited, by counsel for appellant, is not inconsistent with the doctrine herein expressed. In that case the plaintiff made no claim for a judgment against the party defendant who set up the counter-claims.

Next it is urged that the court erred in striking the reply from the files and thereby precluding the plaintiff from show-

ing that the note was obtained by duress, and that the judgment was void for want of jurisdiction in the court which rendered the same. · We think it is very plain that this ruling of the court was erroneous. The assignee of a chose in action succeeds to the rights of the assignor.

If these claims were sought to be enforced against Peter Miller it is very clear that he would have the right to show that the note was obtained by duress and that the judgment was void for want of jurisdiction. The plaintiff herein has precisely the same right to show that the counter-claims are void that Peter Miller would have had if he were plaintiff. He has the right to show that these claims against Peter Miller, which are interposed against his right to recover upon the injunction bond, are invalid and not binding upon Peter Miller. This appears so plain to us as to require neither argument nor elaboration. It is contended by counsel for appellees that the defense sought to be made against the counter-claims are such as could only have been made by Peter Miller, had he been in the plaintiff's position. In other words, it is claimed that the judgment and note although void are yet valid as to all the world except Peter Miller, and that plaintiff cannot attack them collaterally. But appellees lose sight of the thought that the plaintiff stands in the shoes of Peter Miller. He is asserting a right acquired from Peter Miller against which the law allows the defendants to set off any valid claim they have against Peter Miller. It would be a most unjust rule to hold that all claims set up as counter-claims must be accepted by the plaintiff as correct. The appellees contend that the judgment shows upon its face all the facts necessary to confer jurisdiction, and that, therefore, it cannot be collaterally attacked. We have not looked into this question, because the motion to strike the reply so far as the judgment was involved was not put upon the ground that the judgment was not void, but upon the ground that plaintiff had no right to question

the same in this case, because he was not a party thereto, and the court so determined.

There are other questions in the record. There are alleged errors in the rulings upon the admission of evidence and the apportionment of costs. Without discussing them in detail we deem it sufficient to say that we do not regard them as well taken. For the error above. pointed out the judgment will be reversed and the cause remanded for a new trial.

REVERSED.